**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAYMONT BAILEY, | No. 4:25-CV-00697 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA PAROLE BOARD, | |
| Respondent. | |

**MEMORANDUM OPINION**

**DECEMBER 18, 2025**

Petitioner Raymont Bailey initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2023 parole revocation decision by the Pennsylvania Parole Board (Board), alleging that the Board's decision violated the Ex Post Facto Clause of the United States Constitution. Because Bailey has established a constitutional violation, the Court will grant his Section 2254 petition.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant facts in this case are undisputed. Bailey was initially sentenced to an aggregate term of two and a half to ten years' incarceration in September 2014 by the Court of Common Pleas of Philadelphia County, Pennsylvania, for controlled substance and firearm offenses.[1] His controlling minimum and

---

[1]    *See Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 261 (Pa. Commw. Ct. 2024).

maximum incarceration dates at that time were April 15, 2015, and October 15, 2022, respectively.[2]  On August 5, 2015, Bailey was released on parole.[3]

Bailey was at liberty on parole for 569 days—from August 5, 2015, to February 24, 2017—at which time he was arrested for leaving the district without authorization.[4]  On May 21, 2017, the Board recommitted Bailey as a "technical parole violator (TPV)," and required him to serve six months' incarceration for the minor parole infraction.[5]  Bailey was released on automatic reparole, pursuant to 61 PA. CONS. STAT. § 6138(d)(3)(i), on August 24, 2017.[6]  At this time, he was credited with the 569 days he spent at liberty on parole, so his maximum date remained October 15, 2022.[7]

On March 2, 2022, Bailey was arrested by Philadelphia police and charged with aggravated assault and several related offenses.[8]  He was arraigned on these new charges on May 9, 2022, and his bail was set at $500,000, which bond Bailey did not post.[9]  The Pennsylvania Department of Corrections' detainer was lifted on October 15, 2022, when Bailey reached the original maximum date on his 2014

---

[2]  *Id.*
[3]  *Id.*
[4]  *Id.*
[5]  *Id.*
[6]  *Id.* & n.3.
[7]  *Id.* at 261; Doc. 9-4 at 2; Doc. 9-5 at 2.
[8]  *Bailey*, 323 A.3d at 261.
[9]  *See* Doc. 9-11 at 3.

sentence.[10]  Bailey, however, remained in pretrial detention for the new March 2022 charges.[11]

On December 12, 2022, Bailey pled guilty to the March 2022 charges, which included two counts of aggravated assault and one count each of person not to possess a firearm and possession of an instrument of a crime.[12]  He was sentenced by the trial court to an aggregate term of two to five years' incarceration.[13]

In February 2023, the Board issued Bailey a notice of parole violation based on the new 2022 convictions, and Bailey waived his right to a revocation hearing and admitted to the violation.[14]  In its March 16, 2023 decision (mailed on March 21, 2023), the Board recommitted Bailey as a "convicted parole violator (CPV)" to serve a recommitment period (otherwise known as "backtime") of 36 months' incarceration.[15]  The Board calculated Bailey's new maximum date to be July 19, 2029.[16]

Notably, the Board refused to award Bailey credit for his 569 days of "street time" (*i.e.*, time at liberty on parole) previously awarded to him as a TPV because he had committed a crime of violence—aggravated assault.[17]  According to the

---

[10]  *Id.*
[11]  *Id.*
[12]  *Bailey*, 323 A.3d at 261.
[13]  *Id.*
[14]  *Id.* at 261-62.
[15]  *Id.* at 262; Doc. 9-8 at 2.
[16]  Doc. 9-8 at 2.
[17]  *Id.*

Board, Bailey's conviction for aggravated assault statutorily removed any discretion for the Board to credit him with the 569 days he spent at liberty on parole before TPV recommitment, and thus those days were added to the aggregate calculation of his new parole violation maximum date.[18]

Bailey appealed the March 2023 parole revocation determination to the Board, which affirmed the decision and new maximum date calculation.[19]  He then appealed to the Commonwealth Court of Pennsylvania, which likewise affirmed the Board's decision in its entirety.[20]  On March 17, 2025, the Supreme Court of Pennsylvania denied Bailey's petition for allowance of appeal.[21]

Bailey filed the instant Section 2254 petition in this Court the following month.[22]  His petition is fully briefed and ripe for disposition.

## II.    DISCUSSION

Bailey contends that the Parole Board's March 2023 revocation decision violates the Ex Post Facto Clause of the United States Constitution.  Although it appears that Bailey did not exhaust this constitutional claim in state court, Respondent has not asserted this defense and has therefore forfeited it.  After careful consideration, the Court will grant Bailey's Section 2254 petition.

---

[18]  *Id.* at 2-3 (citing 61 PA. CONS. STAT. § 6138(a)(2.1)(i)).
[19]  *See generally* Doc. 9-8.
[20]  *See Bailey*, 323 A.3d at 261, 265.
[21]  *See Bailey v. Pa. Parole Bd.*, No. 486 MAL 2024, 335 A.3d 302 (Pa. 2025) (table).
[22]  *See generally* Doc. 1 (dated April 14, 2025).

### A.    State Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[23] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[24]  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[25]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[26]  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[27]  "This exhaustion requirement is predicated on the principle of comity which ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."[28]

---

[23]  28 U.S.C. §§ 2241-2254.

[24]  *Id.* § 2254(b)(1)(A).

[25]  *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).

[26]  *Carpenter*, 296 F.3d at 146 (citations omitted).

[27]  *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).

[28]  *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

On the record before this Court, it does not appear that Bailey asserted his ex post facto claim in state court. Yet the relevant administrative regulations expressly provide for the assertion of a constitutional claim on appeal of a parole revocation decision.[29] Thus, the Court observes that there does not appear to be "an absence of available State corrective process."[30] Additionally, Bailey's brief on appeal to the Commonwealth Court of Pennsylvania invokes only Pennsylvania law and does not include a federal constitutional challenge.[31] As such, it does not appear that the state courts had occasion to consider or rule on Bailey's ex post facto claim.

Respondent, however, has not raised, discussed, or even mentioned the issue of failure to exhaust state remedies in their answer. This is despite the clear requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts: "The answer . . . must state whether any claim in the petition is barred by a *failure to exhaust state remedies*, a procedural bar, non-retroactivity, or a statute of limitations."[32] The Court declines to raise the issue of nonexhaustion *sua sponte* in this case. That is because the record is well

---

[29] *See* 37 PA. CODE § 73.1(a)(2) ("The scope of review of an appeal will be limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law.").

[30] 28 U.S.C. § 2254(b)(1)(B)(i).

[31] *See generally* Brief for Petitioner, *Bailey v. Pa. Parole Bd.*, 323 A.3d 259 (Pa. Commw. Ct. 2024) (No. 871 C.D. 2023), 2023 WL 11985121.

[32] 28 U.S.C. § 2254, Rule 5(b) (emphasis added).

developed, the facts are undisputed, and the merits strongly support Bailey's ex post facto claim.[33]

### B.    Merits of Ex Post Facto Claim

Bailey argues that, as part of the Board's March 2023 revocation decision, he was wrongly denied credit for the 569 days he spent at liberty on parole from August 5, 2015 to February 24, 2017, credit that was previously awarded to him as a technical parole violator (TPV) in 2017.  He asserts that the Board improperly relied on a version of 61 PA. CONS. STAT. § 6138 that was amended in June 2021 to deny him credit for street time that accrued from 2015 to 2017 and was previously awarded to him as a TPV in 2017, thus violating the Ex Post Facto Clause.

The Ex Post Facto Clause of the United States Constitution[34] applies to a statutory or policy change that "alters the definition of criminal conduct or increases the penalty by which a crime is punishable."[35]  The clause prohibits Congress and state legislatures from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or

---

[33]    *See Granberry v. Greer*, 481 U.S. 129, 135 (1987) (explaining that, although federal courts may raise exhaustion *sua sponte*, "it may also be appropriate for the court . . . to hold that the nonexhaustion defense has been waived in order to avoid unnecessary delay in granting relief that is plainly warranted"); *Smith v. Horn*, 120 F.3d 400, 408 (3d Cir. 1997) (holding that "miscarriage of justice" exception to exhaustion in nonexhaustion context "should include cases where the record is well developed and the merits strongly support the petitioner's claim").

[34]    U.S. CONST. art. I, § 10, cl. 1.

[35]    *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 383 (3d Cir. 2003) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 (1995)).

imposes additional punishment to that then prescribed."[36]  The inquiry for an ex post facto challenge has two prongs: (1) "whether there was a change in the law or policy which has been given retrospective effect," that is, when it applies to events occurring before its enactment; and (2) "whether the offender was disadvantaged by the change."[37]

Bailey correctly observes that, prior to the 2021 amendment, the Board did not have the authority or discretion under 61 PA. CONS. STAT. § 6138 to refuse to credit street time "previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV."[38]  That changed on June 30, 2021, when the Pennsylvania General Assembly amended Section 6138(c)(2) (relating to "technical violators") to state as follows:

> If the offender is recommitted [as a technical violator], the offender shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences. *Credit awarded to a technical parole violator for time served on parole in good standing is subject to forfeiture if the offender is subsequently recommitted as a convicted parole violator*.[39]

Thus, the 2021 amendment to Section 6138(c)(2) explicitly provides the Board with the authority (authority that it previously lacked) to forfeit street time

---

[36]  *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (citation omitted).
[37]  *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005).
[38]  *See Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 420 (Pa. Commw. Ct. 2019), *superseded by statute as recognized by Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 265 (Pa. Commw. Ct. 2024).
[39]  61 PA. CONS. STAT. § 6138(c)(2) (2021) (amendment in emphasis).

formerly awarded to a technical parole violator (TPV) when that offender is subsequently recommitted as a convicted parole violator (CPV).

Bailey contends that because he was credited with 569 days of street time as a TPV before Section 6138(c)(2) was amended, that street time is "insulated from forfeiture."[40]  He asserts that the 2021 amendment only permits forfeiture of street time credit awarded to a TPV "<u>AFTER</u> the effective date of the amendment."[41] According to Bailey, the Board—by applying a version of Section 6138(c)(2) that was amended long after his 2014 convictions and years after he was awarded the 569 days of street time credit when he was recommitted as a TPV—violates the Ex Post Facto Clause of the United States Constitution.  Bailey is correct.

On September 23, 2025, the Commonwealth Court of Pennsylvania decided *Lincoln v. Pennsylvania Parole Board*,[42] a case that performs much of the heavy lifting for Bailey's ex post facto claim.  In *Lincoln*, the petitioner—Edmund William Lincoln, II—raised a claim nearly identical to that which Bailey asserts in his Section 2254 petition.  Lincoln, too, had been recommitted as a technical parole violator after spending 243 days (from February 27, 2019, to October 28, 2019) at liberty on parole, and had been awarded credit for that street time in his March 2020 recommitment as a TPV.[43]  He subsequently reoffended in 2023 and was

---

[40]  *See* Doc. 17 at 5.
[41]  *Id.*
[42]  344 A.3d 1173 (Pa. Commw. Ct. 2025).
[43]  *See Lincoln*, 344 A.3d at 1174.

recommitted as a convicted parole violator (CVP) in 2024.[44]  In its March 2024

revocation decision, the Board forfeited the 243 days of street time credit

previously awarded to Lincoln as a TPV.[45]

On appeal, Lincoln claimed that the Board had violated the Ex Post Facto

Clause "by forfeiting as parole credit a period of time which had been awarded to

him prior to the enactment of the statute permitting the forfeiture."[46]  More

specifically, Lincoln argued:

> In the instant matter, by a decision recorded on March 20, 2024, the
> Board forfeited as parole liberty credit the 243-day period [Lincoln]
> was at liberty on parole between February 27, 2019, and October 28,
> 2019.  This time had been shielded from forfeiture in the initial
> recommitment of [Lincoln] as a [TPV] on March 25, 2020.  It could not
> have been forfeited without the 2021 legislation . . . amending 61 [PA.
> CONS. STAT.] § 6138(c)(2).[47]

The Commonwealth Court agreed.  In a precedential decision, the panel

considered what appeared to be "an issue of first impression"[48] and explained,

> There is no dispute that when [Lincoln] was first recommitted as
> a TPV on March 25, 2020, and the Board recalculated his parole
> violation maximum date, he received a parole liberty credit for the 243
> days between February 27, 2019, the date of his initial release on parole,
> and October 28, 2019, the date he was declared delinquent.  There is
> also no dispute that the Board did not have the statutory authority to
> forfeit credit awarded to a TPV for time served on parole in good
> standing upon his subsequent recommitment as a CPV *until Act 59 was
> passed on June 30, 2021.*  Finally, it is undisputed that Lincoln was first

---

44  *Id.* at 1174-75.
45  *Id.* at 1175.
46  *Id.*
47  *Id.* at 1177 (third alteration in original).
48  *Id.* at 1178.

recommitted as a CPV on March 20, 2024, well after the passage of Act 59.

> The problem presented by the undisputed facts of this case is that they suggest a scenario that this Court previously warned against: namely, the Board is reaching back into the past periods of parole that predate the June 30, 2021 amendment to Section 6138(c)(2), and removing credit that was previously granted to [Lincoln] as a TPV—credit which had already been applied to his original sentence. This retrospective forfeiture of street time credit that was previously awarded to Lincoln prior to the passage of Act 59 clearly disadvantages him as it adds the 243 days that he was previously credited with as a TPV to his parole violation maximum date, thereby increasing his punishment. We agree, therefore, that the Board contravened [Lincoln]'s constitutional protections against the ex post facto application [of] the law.[49]

The Court finds *Lincoln*'s holding to be well reasoned and persuasive. Bailey's nearly identical claim—that the Board violated the Ex Post Facto Clause by relying on a version of Section 6138(c)(2) that was amended in 2021 to deny him street time credit previously awarded to him as at a TPV in 2017—satisfies both elements of the ex post facto analysis. First, there was a change in the law that was given retrospective effect, *i.e.*, the Board applied the June 30, 2021 amended version of Section 6138(c)(2) to events occurring before its enactment. Specifically, the Board's March 2023 parole revocation decision applied the amended version of Section 6138(c)(2) to Bailey's 2014 convictions and the 2017 recommitment decision that had awarded Bailey 569 days' street time credit as a

---

[49]  *Id.* at 1179 (emphasis added).

TPV in order to forfeit those 569 days.  Second, that decision clearly disadvantages Bailey, as it adds 569 days to his parole violation maximum date.

In sum, the Parole Board's March 16, 2023 decision to refuse to credit Bailey with 569 days of street time previously awarded to him in 2017 as a TPV violates the Ex Post Facto Clause of the United States Constitution.  The Court will therefore grant Bailey's Section 2254 petition, vacate the Board's decision in part, and direct the Board to recalculate Bailey's maximum parole violation sentence date by reinstating the improperly denied 569 days of street time credit previously awarded to Bailey as a TPV.

## III.    CONCLUSION

For the foregoing reasons, the Court will grant Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Pennsylvania Parole Board's March 16, 2023 decision will be vacated in part, and the Board will be required to correct its recommitment calculations by reinstating the 569 days of street time credit it improperly refused to award Bailey in that decision.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge